## IN RE GRIFFITH.

PATENTS; PATENTABILITY; NOVELTY.

Product claims for an article, such as an electrical conductor, consisting of metal of high electric conductivity protected by a metal shell of greater hardness welded thereto, are properly rejected in view of former patents one of which discloses a process for the drawing of wire with copper inside and iron outside, or *vice versa,* and the other of which discloses the very process by which the product covered by the rejected claims is initially produced. (Referring to *In re Decker,* 36 App. D. C. 104.)

No. 805. Patent Appeals. Submitted November 15, 1912. Decided December 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting certain product claims in an application for a patent.                              *Affirmed.*

The facts are stated in the opinion.

*Mr. M. A. Killer* for the appellant.

*Mr. R. F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents, disallowing eight product claims, of which the following are representative:

"1. As a new article of manufacture, a soft ductile metal strand welded to and protected by a sheathing of harder metal which in turn is protected by a coating of a soft metal welded thereto."

"4. An electrical conductor consisting of metal of high elec-

tric conductivity protected by a metal shell of greater hardness, welded thereto."

"8. An extended metal article comprising a core of copper metal and a tubular coating of ferrous metal welded and co-extended, said joined metals being electrically united at all points of abutting surfaces."

At the time of applicant's alleged invention, Farmer & Milliken (patent No. 47,940, dated May 30, 1865) had disclosed a process for the drawing of wire with copper inside and iron outside, or with iron inside and copper outside. Applicant attempts to meet this reference with the contention that the Farmer & Milliken process does not produce a perfect union of the two metals, and hence that it is inoperative; in other words, that that process will not produce the wire described in the claims here in issue. Assuming the correctness of this contention (although the rule is the other way, *Re Decker,* 36 App. D. C. 104), applicant is in no better position, for in his process patent (No. 580,344, dated April 6, 1897), which, it will.be noted, was issued almost twelve years prior to the filing of this application, he discloses the very process by which the product covered by these claims is initially produced. The drawing of wire from bars and rods was then old. The problem, according to the specification, was to produce the bar from which the wire was to be drawn, and this was fully disclosed in that patent. It is therefore unnecessary to determine whether the applicant would have been entitled to a patent on the product produced by the process described in his said invention of 1897, had he seasonably applied therefor, since that patent, having been issued more than two years prior to the present application, constitutes a bar to its allowance. The decision is affirmed. *Affirmed.*